1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RODNEY MITCHELL,                             No.  2:20-cv-0183 AC

12                    Plaintiff,

13          v.                                      ORDER

14    R.M. WADE,

15                    Defendant.

16

17          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18    has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19    I.      Application to Proceed In Forma Pauperis

20          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21    § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23    §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24    accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

25    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

§ 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

"frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

"Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain

something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2

1    R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004)).

2       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3 relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting

4 <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

5 content that allows the court to draw the reasonable inference that the defendant is liable for the

6 misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556). In reviewing a complaint under this

7 standard, the court must accept as true the allegations of the complaint in question, <u>Hosp. Bldg.</u>

8 <u>Co. v. Trs. of the Rex Hosp.</u>, 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

9 pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

10 <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969) (citations omitted).

11    III.    <u>Complaint</u>

12       Plaintiff presents a single Eighth Amendment claim against a sole defendant, Correctional

13 Officer Wade, who is alleged to have acted with deliberate indifference by shooting plaintiff and

14 falsifying an incident report. ECF No. 1. The complaint alleges in sum as follows. On May 21,

15 2019, Officer Eckhardt searched plaintiff in the presence of Officer Patino, and found an inmate

16 manufactured syringe and a cell phone charger. Plaintiff dropped some other items as he was

17 walking away after this encounter, and Patino asked plaintiff what he had dropped. Eckhardt and

18 Patino then started cussing and approaching plaintiff aggressively, which prompted plaintiff to

19 run from the third to the fourth tier. As plaintiff reached the gate on the third tier, Officer Wade

20 deliberately shot plaintiff in the right knee with a "40mm launcher."[1] Plaintiff had not been

21 posing any physical threat to anyone when he was shot. After the incident, Wade fabricated an

22 incident report that stated he saw plaintiff step toward Patino with something in his hand.

23    IV.    <u>Failure to State a Claim</u>

24       "In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places

25 restraints on prison officials, who may not ... use excessive physical force against prisoners."

26 <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994) (citing <u>Hudson v. McMillian</u>, 503 U.S. 1 (1992)).

27

28    [1] From this description, and plaintiff's description of his knee injury, the court infers that he was hit by a "less lethal" projectile and not by a bullet.

3

1  "[W]henever prison officials stand accused of using excessive physical force in violation of the

2  [Eighth Amendment], the core judicial inquiry is ... whether force was applied in a good-faith

3  effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Hudson</u>,

4  503 U.S. at 6-7 (citing <u>Whitley v. Albers</u>, 475 U.S. 312 (1986)).

5      The facts alleged here do not demonstrate that Officer Wade acted maliciously and

6  sadistically for the purpose of harming plaintiff.  "Deliberate indifference" is not the standard that

7  applies to an excessive force claim under the Eighth Amendment, and the complaint does not

8  present facts that state a claim under <u>Hudson</u>.  Plaintiff was allegedly running away from

9  correctional officers at the time he was shot; it is therefore far from apparent that Wade was

10  acting for a purpose other than restoring discipline.

11      Plaintiff alleges that Wade's reported justification for using force was fabricated.  The

12  fabrication of evidence or of disciplinary charges against an inmate does not itself violate any

13  constitutional guarantee.[2]  Here the fabrication is not presented as the basis for an independent

14  cause of action, but as an allegation in support of the excessive force claim.  As such, it fails to

15  support an inference of malicious intent to harm.  Even taking as true the allegation that Wade

16  lied about seeing plaintiff approach Patino with an object in his hand, under the circumstances

17  described in the complaint it remains entirely possible that Wade was responding to a perceived

18  threat to institutional security rather than simply trying to hurt plaintiff.

19      Plaintiff will be given the opportunity to amend his claim.

20  V.      <u>Leave to Amend</u>

21      If plaintiff chooses to file a first amended complaint, he must demonstrate how the

22  conditions about which he complains resulted in a deprivation of his constitutional rights.  <u>Rizzo</u>

23  <u>v. Goode</u>, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how

24  each named defendant is involved.  <u>Arnold v. Int'l Bus. Machs. Corp.</u>, 637 F.2d 1350, 1355 (9th

25  Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

26
27
28

---

[2]  <u>See</u> <u>Buckley v. Gomez</u>, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (prisoners have no
constitutional right to be free from wrongfully issued disciplinary reports), <u>aff'd without opinion</u>,
168 F.3d 498 (9th Cir. 1999); <u>accord</u>, <u>Sprouse v. Babcock</u>, 870 F.2d 450, 452 (8th Cir. 1989);
<u>Freeman v. Rideout</u>, 808 F.2d 949, 951 (2nd Cir. 1986).

1   or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

2   588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

3   participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

4   268 (9th Cir. 1982) (citations omitted).

5        Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

6   his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

7   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

8   amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

9   1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

10  Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

11  in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended

12  complaint, the original complaint no longer serves any function in the case.  Therefore, in an

13  amended complaint, as in an original complaint, each claim and the involvement of each

14  defendant must be sufficiently alleged.

15       VI.    Plain Language Summary of this Order for a Pro Se Litigant

16       Your request to proceed in forma pauperis is granted and you are not required to pay the

17  entire filing fee immediately.

18       You are being given leave to amend because the facts you have alleged in the complaint

19  are not enough to state a claim for relief.  A use of force against an inmate violates the Eighth

20  Amendment only when force is used for the purpose of causing harm and not to restore discipline.

21  "Deliberate indifference" is not the standard.  The facts you presented are not enough to show that

22  Officer Wade was trying to hurt you and not just trying to stop you.  The allegation that Wade

23  lied in his incident report does not violate your constitutional rights, and it is not enough to show

24  that he shot you maliciously.

25       If you choose to amend your complaint, the first amended complaint must include all of

26  the claims you want to make because the court will not look at the claims or information in the

27  original complaint.  **Any claims not in the first amended complaint will not be considered.**

28  ////

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4.  Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: June 9, 2021

_Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE